UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
KENNETH A. WALTERS,

                    Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           09-CV-0556(JS)(ETB)
SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPT., STONY BROOK MEDICAL
CENTER, POLICE OFFICER MILLER,
JOHN DOE, RN JANE DOE, DR. JOHN DOE,

                    Defendants.
-----------------------------------x
APPEARANCES:
For Plaintiff:      Kenneth A. Walters, Pro Se
                    08007217
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearance

SEYBERT, District Judge:

        Kenneth A. Walters ("Plaintiff"), proceeding pro se,

commenced this action pursuant to 42 U.S.C. § 1983 against Suffolk

County, Suffolk County Police Department, Stony Brook Medical

Center ("Stony Brook"), Police Officer Miller, John Doe, Registered

Nurse Jane Doe, and Doctor John Doe ("Defendants").  Plaintiff

alleges that Defendants violated his constitutional rights during

his arrest and subsequent medical treatment.  Accompanying

Plaintiff's Complaint is a request to proceed in forma pauperis.

Upon review of Plaintiff's application, the Court grants Plaintiff

in forma pauperis status.  See 28 U.S.C. § 1915(a).  However, for

the reasons discussed below, Plaintiff's Complaint is dismissed

against Suffolk County Police Department, Stony Brook Medical

Center, John Doe, Registered Nurse Jane Doe, and Doctor John Doe in their official capacities.

BACKGROUND

Plaintiff alleges on January 26, 2008, at about 6:00 a.m. to 6:30 a.m., a 911 call reported that someone had broken into a card store in Ronkonkoma, New York. Plaintiff alleges that an individual attempting to make a citizens arrest tackled Plaintiff to the ground and choked him until he became unconscious. According to Plaintiff, when he regained consciousness, Plaintiff was still on the ground and Police Officer Miller was kicking him about the head, chest, and back.

Plaintiff claims that when he was brought to Stony Brook Medical Center for his injuries, Police Officer Miller tried to deprive him of treatment. Plaintiff alleges that as a result of Police Officer Miller's demands, medical treatment was delayed and a nurse inserted a larger than necessary catheter into his penis. Additionally, Plaintiff alleges another medical staff member at the hospital inflicted substantial pain upon the Plaintiff through "pain stimulant[s]" in order to fully awaken him from his semi-unconscious state. (Compl. ¶¶ 9, 10.)

Plaintiff alleges that some of the pain stimulants used included pouring cold water into the Plaintiff's eyes, inserting something into the Plaintiff's ears causing a perforated ear drum, and intentionally dropping Plaintiff to the ground.

2

Plaintiff's Complaint alleges that Suffolk County failed to train and supervise its police force and medical agents to provide prompt medical treatment to an arrestee. (Compl. ¶¶ 1-3.) Plaintiff further states Suffolk County has customs and policies allowing police to use excessive force and prevent medical treatment from being provided to an arrestee. (Id.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Since Plaintiff is incarcerated and seeks relief against government officials, 28 U.S.C. § 1915A also requires that the

Court dismiss the complaint <u>sua</u> <u>sponte</u> if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u> Plaintiff liberally, particularly allegations of civil rights violations.  <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987).  Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. <u>See</u> Fed. R. Civ. P. 8; <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).  In that vein, the Second Circuit has held that complaints containing only

vague or conclusory accusations and no specific facts regarding the
alleged wrongdoing do not allow defendants to frame an intelligent
defense and are therefore subject to dismissal.  See Alfaro Motors,
814 F.2d at 887.

    A.    Section 1983

        Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory or the District of
> Columbia, subjects, or causes to be subjected,
> any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or
> immunities secured by the Constitution and
> laws, shall be liable to the party injured in
> an action at law.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff
must allege: (1) that the defendant acted under color of state law;
and (2) that as a result of the defendant's actions, the plaintiff
suffered a deprivation of his or her rights or privileges as
secured by the Constitution or laws of the United States.  See Am.
Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977,
143 L. Ed. 2d 130 (1999); Giordano v. City of New York, 274 F.3d
740, 750 (2d Cir. 2001).

        Furthermore, when bringing a Section 1983 action against
a municipality, a plaintiff is required to plead three elements:
"'(1) an official policy or custom that (2) causes the plaintiff to
be subjected to (3) a denial of a constitutional right.'"  Zahra v.
Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v.

5

Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

1. Claims against the Suffolk County Police Department

A local police department, such as the Suffolk County Police Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. March 27, 2006) (citations omitted). Plaintiff's claims against the Suffolk County Police Department are thus more appropriately raised against Defendant Suffolk County. Accordingly, Plaintiff's claims against the Suffolk County Police Department are DISMISSED with prejudice.

2. Stony Brook Medical Center

Plaintiff files suit against State University of New York's Stony Brook Medical Center. When a state is a named defendant in a Section 1983 action, the Eleventh Amendment protects it from suit. See Rehman v. State Univ. of N.Y., 596 F. Supp. 2d 643, 655 (E.D.N.Y. 2009). For Eleventh Amendment purposes, the State University of New York ("SUNY"), "is an integral part of the

government of the State [of New York] and when it is sued the State is the real party." Dube v. State Univ. of New York, 900 F.2d 587, 594 (2d Cir. 1990). SUNY has clearly not consented to suit in a federal forum. Accordingly, Plaintiff's claims against this Defendant are DISMISSED with prejudice.

### 3. John Doe, Registered Nurse Jane Doe, and Dr. John Doe

The Eleventh Amendment also cloaks with immunity those state officials acting in their official capacities to the extent that a plaintiff sues for money damages. See, e.g., Dube, 900 F.2d at 595. Thus, Eleventh Amendment immunity bars Plaintiff's Section 1983 claim against the individual SUNY Stony Brook Medical Center personnel, John Doe, Registered Nurse Jane Doe, and Dr. John Doe Defendants inasmuch as they are being sued in their official capacities for money damages.

Although barely meeting the pleading requirements of Rule 8, the Court finds Plaintiff has set forth sufficient facts to withstand sua sponte dismissal with respect to the claims against John Doe, Registered Nurse Jane Doe, and Dr. John Doe in their individual capacities. Plaintiff has alleged, albeit with very little detail, that John Doe, Registered Nurse Jane Doe, and Dr. John Doe, irrigated his ears, inserted an instrument into his ears, and punctured his ear drum. Plaintiff alleges that he was "picked up by my face" and was "dropped to the floor purposely," before hearing a doctor's voice say "he is really out, there is no way he

7

could take that much pain and not respond."  (Compl. ¶¶ 9, 10.)

The United States Marshal Service cannot serve the individual defendants, however, without further information.  In Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant. Accordingly, the Court hereby directs the New York State Attorney General's Office to ascertain the full names of the unidentified medical staff whom Plaintiff seeks to sue and the addresses where each may be served.  The Attorney General's Office is directed to provide that information to Plaintiff and the Court within 45 days of this Order.  Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of these Defendants.  At that time, summonses shall be issued and the Court shall direct service on the named Defendants.  The New York State Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture.  This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as discussed by the Second Circuit in Valentin.

4.    Claims against Suffolk County and Police Officer
      Miller

Construing the Complaint to raise the strongest arguments it suggests, as required, this Court finds that Plaintiff's Complaint is not frivolous or malicious within the meaning of 28 U.S.C. § 1915 as applied to Suffolk County and Police Officer

8

Miller.    Plaintiff alleges, among other things, that he was subjected to excessive force by Police Officer Miller personally, while acting under color of state law.  The allegations, liberally construed, are sufficient to allow this action to go forward against these Defendants.

CONCLUSION

Based on the foregoing, it is hereby ORDERED, that Plaintiff's request to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED, that the Superintendent of the facility in which Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the agency holding Plaintiff in custody shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances,

rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account; and it is further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to the superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that the Clerk of the Court must forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendants Suffolk County and Police Officer Miller, without prepayment of fees; and it is further

ORDERED, that Defendants Suffolk County and Police Officer Miller must answer the Complaint, see 42 U.S.C. § 1997e(g); and it is further

ORDERED, that the claims against SUNY Stony Brook Medical Center's John Doe, Registered Nurse Jane Doe, and Dr. John Doe in their official capacity, as well as the claims against SUNY Stony Brook's Medical Center, are DISMISSED with prejudice; and it is further

ORDERED, that the Clerk of the Court send a copy of the Complaint and this Order to the New York State Attorney General's Office; and it is further

ORDERED, that the New York State Attorney General's

Office, ascertain the names and addresses of the unidentified SUNY
Stony Brook Medical Center John Doe, Registered Nurse Jane Doe, and
Dr. John Doe whom Plaintiff seeks to sue in their personal capacity
and provide that information to Plaintiff and the Court within 45
days of this Order; and it is further

ORDERED, that upon receipt of information from the New
York State Attorney General's Office, the Clerk of the Court shall
update the docket to reflect the replacement of the John Doe
Defendants by named Defendants, and issue a Summons naming the
newly identified John/Jane Does, along with copies of Plaintiff's
Complaint and this Order, for service upon the newly identified
John Doe, Registered Nurse Jane Doe, and Dr. John Doe of SUNY Stony
Brook Medical Center, to be served by the United States Marshal for
the Eastern District without prepayment of fees.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
           June   4  , 2009