UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KENNETH A. WALTERS,

                               Plaintiff,

              v.

SUFFOLK COUNTY, NABIL SALEH, PO
MILLER, DOCTOR CARA CHOY, NURSE
JOANNE WILLIAMS, JOHN DOES (1–5) and
JANE DOES (1–5),

                           Defendants.

---------------------------------------------------------------

                              **MEMORANDUM & ORDER**
                              09-CV-556 (MKB)

MARGO K. BRODIE, United States District Judge:

       Plaintiff Kenneth A. Walters commenced the above-captioned action, *pro se*, on

February 9, 2009.  On May 20, 2010, Plaintiff filed a Second Amended Complaint alleging what

appear to be violations of the Fourth and Fourteenth Amendments.  On June 7, 2013, Defendants

Cara Choy and Joanne Williams moved to dismiss the Second Amended Complaint for

insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

On May 24, 2013, Defendant Suffolk County moved for summary judgment pursuant to Rule 56

of the Federal Rules of Civil Procedure.  In serving its motion for summary judgment, Suffolk

County included a supplemental Notice to *Pro Se* Litigants letter in compliance with Rule 56.2

of the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York ("Local Rules") and reminded Plaintiff that his response was due by June 12, 2013.

(Docket Entry No. 109.)  Plaintiff did not respond to the motion for summary judgment but has

opposed the motion to dismiss the Second Amended Complaint by Choy and Williams.  At oral

argument on February 21, 2014, the Court, on consent of the parties, converted Defendant Nabil

Saleh's letter dated June 25, 2013, (Docket Entry No. 100), to a motion for summary judgment and heard testimony from Saleh. The Court also granted Suffolk County's motion for summary judgment at oral argument. The Court explains below its grant of summary judgment as to Suffolk County and decides the remaining motions.

## I.  Background

### a.  Defendants Named in Plaintiff's Complaints

On February 9, 2009, Plaintiff commenced this action against Suffolk County, the Suffolk County Police Department, Stony Brook Medical Center, Police Officer Miller, Registered Nurse Jane Doe and Registered Nurse John Doe, alleging, *inter alia*, that Plaintiff was the victim of excessive force by Officer Miller. (Docket Entry No. 1.) Plaintiff also alleged that Suffolk County failed to train and supervise its officers and operated with depraved indifference to its officers' use of excessive force. (*Id.*) On May 20, 2010, Plaintiff filed a Second Amended Complaint against Steven Levy, individually and in his official capacity, Richard Dormer, individually and in his official capacity, Police Officer Scott Miller,[1] individually and in his official capacity, Police Officer O'Brien, individually and in his official capacity, Doctor Cara Choy, individually and in her official capacity, Nurse Joanne Williams, individually and in her official capacity, Nabil Saleh, John Does (1–5) and Jane Does (1–5). (Docket Entry No. 49 ("Second Am. Compl.").) Although the Second Amended Complaint did not name Suffolk County as a Defendant in the caption, it did include language in the body of the complaint alleging municipal liability. (Suffolk Cnty. 56.1 ¶ 3.)

---

[1] Police Officer Scott Miller is incorrectly identified as "Sean" Miller in Plaintiff's Second Amended Complaint and other documents in the record.

b.   **History of Service as to Defendants Choy and Williams**

By Memorandum and Order dated June 4, 2009, the Honorable Joanna Seybert, previously assigned to this action, directed "the New York State Attorney General's Office to ascertain the full names of the unidentified medical staff whom Plaintiff seeks to sue and the addresses where each may be served." *Walters v. Suffolk Cnty.*, No. 09-CV-0556, 2009 WL 1605415, at *4 (E.D.N.Y. June 4, 2009).  Judge Seybert ordered that the State Attorney General comply within 45 days.  *Id.*  Plaintiff notified Magistrate Judge E. Thomas Boyle, by letter dated August 24, 2009, that the State Attorney General's office ("State Attorney General") had yet to comply with the Court's June 4, 2009 Order.  (Docket Entry No. 16.)  By letter dated September 25, 2009, Plaintiff notified Judge Seybert of the State Attorney General's noncompliance.  (Docket Entry No. 20.)  At an initial pretrial conference, held on November 4, 2009, Judge Boyle ordered the State Attorney General to provide Plaintiff with "copies of all his SUNY SB Medical records relating to his admission through the ER on 1/26/09."  (Minute Entry Dated Nov. 9, 2009.)  On December 10, 2009, Judge Boyle again ordered the Attorney General to provide the names of medical staff by February 26, 2010.  (Minute entry dated Dec. 10, 2009.)

By letter dated February 27, 2010, the State Attorney General finally provided Plaintiff with a spreadsheet of the names and addresses of Stony Brook University Medical Center staff who provided care to Plaintiff.  (Docket Entry No. 95.)  However, the spreadsheet did not include an address for Doctor Cara Choy or Nurse Joanne Williams.  (*Id.*)  Based on the information provided, on May 20, 2010, Plaintiff filed a Second Amended Complaint, naming Choy and Williams as Defendants.  (Second Am. Compl. ¶¶ 8–9.)  Thereafter, Defendants Choy and Williams, through their counsel, Assistant Attorney General Ralph Pernick, fully participated in pretrial litigation.  Not until February 28, 2013, did Choy and Williams serve Plaintiff with a motion to dismiss.  (Docket Entry No. 81.)

3

### c.  Substance of Plaintiff's Second Amended Complaint

According to the allegations in Plaintiff's Second Amended Complaint, Plaintiff was arrested on January 26, 2008.  (Second Am. Compl. ¶ 13.)  Plaintiff was attacked and beaten by Nabil Saleh and rendered unconscious.  (*Id.* ¶¶ 13, 16.)  While Plaintiff was unconscious, the Suffolk County Police Department dispatched Officers Miller and O'Brien to the scene.  (*Id.* ¶ 16.)

Saleh told the officers that he was "arresting" Plaintiff for breaking into a store.  (*Id.* ¶ 17.)  Officer Miller kicked Plaintiff in the head, chest, and back in an effort to wake him.  (*Id.* ¶ 18.)  At some point Plaintiff was transferred to Stony Brook University Medical Center ("Hospital").  (*Id.* ¶ 19.)  Choy and Williams placed catheters in Plaintiff's urinary tract and probed and poked Plaintiff mechanically in an effort to wake Plaintiff.  (*Id.* ¶ 20.)  Plaintiff alleges that Choy and Williams believed Plaintiff to be playing "possum" due to statements given to them by Officer Miller.  (*Id.*)  Plaintiff was admitted to the Hospital and was in the Hospital for three days.  (*Id.*)

## II.  Discussion

### a.  Motion to Dismiss Pursuant to Rule 12(b)(5) ——— Choy and Williams

It is undisputed that Plaintiff has failed to serve the Second Amended Complaint on Choy and Williams.  As a result, Choy and Williams moved to dismiss for insufficient service of process pursuant to Rule 12(b)(5).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Dynegy Midstream Servs., L.P. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2005) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  *Dickerson v. Napolitano*,

604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)); *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (same).  Under Rule 4(m), if service is not effected within 120 days, a court shall grant an extension where a plaintiff has shown good cause.  Fed. R. Civ. P. 4(m); *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).  If a plaintiff fails to show good cause, Rule 4(m) allows courts, in their discretion, to dismiss the action or direct that service be effected within a specified time.  *Id.*; *see also Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) ("district courts have discretion to grant extensions, and may do so even in the absence of 'good cause'"); *Zapata*, 502 F.3d at 196 (same); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508 (2d Cir. 2006) (same); *Ostrow v. Parker*, No. 13-CV-3155, 2014 WL 66572, at \*3 (E.D.N.Y. Jan. 7, 2014) (same) (citing *Sciotti v. Saint Gobain Containers*, No. 06-CV-6422, 2007 WL 4180737, at \*4 (W.D.N.Y. Nov. 20, 2007)); *Alsaidi v. City of New York*, No. 12-CV-5771, 2013 WL 4052880, at \*3 (E.D.N.Y. Aug. 12, 2013) (same).

### i.  Plaintiff has Shown Good Cause

The Second Circuit has made clear that district courts have discretion to determine whether good cause exists under Rule 4(m).  *See Zapata*, 502 F.3d at 197 ("After all, the district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion."); *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) ("Although we have not previously determined the standard of review applicable to Rule 4(m) dismissals for failure to serve process, we join our sister circuits in reviewing such dismissals for abuse of discretion.").  In determining good cause, courts in this Circuit have looked at (1) a plaintiff's reasonable efforts to serve defendants, and (2) whether defendants have been prejudiced by the delay.  *See Visco v. Brentwood Union Free Sch. Dist.*, No. 13-CV-0011,

2014 WL 66548, at *3 (E.D.N.Y. Jan. 8, 2014) ("The following two factors are relevant in a Court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." (quoting *Husowitz v. Am. Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y. 1999))); *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (same); *Smith v. Ford Motor Co.*, No. 07-CV-422S, 2009 WL 2448472, at *2 (W.D.N.Y. Aug. 7, 2009) (same).

Under the circumstances here, Plaintiff has made reasonable efforts to serve Choy and Williams. Pursuant to Rule 4(m), Plaintiff should have served Choy and Williams by September 21, 2010. According to Choy and Williams, Plaintiff was aware that he had failed to serve them as they included an improper service affirmative defense in their Answer to the Second Amended Complaint and in their initial pretrial order provisions. (Choy and Williams Mot. to Dismiss Mem. 2–4.) According to Plaintiff, the fault lies with Choy and Williams' counsel for never complying with the Court's June 4, 2009 Order to provide the names and addresses of the medical staff in question. (Pl. Opp'n Mem. 2.)

Subsequent to receiving their names and filing a Second Amended Complaint, Plaintiff made no effort to ensure service on Choy and Williams. The Court recognizes that "[w]hile there is 'an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . such protection 'does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .'" *Johnson v. DHS/ICE*, No. 13-CV-0288A, 2013 WL 6669232, at *3 (W.D.N.Y. Dec. 18, 2013) (quoting *Sellers v. Royal Bank of Canada*, No. 12-CV-1577, 2013 WL 1222668, at *1 (S.D.N.Y. March 21, 2013)). Plaintiff knew that he could communicate with the Court by letter — he had effectively done so on prior occasions. Yet, Plaintiff failed to

notify the Court of any problems concerning the service of Choy and Williams. Nonetheless, Plaintiff relied on the Court's June 4, 2009 Order which directed the Attorney General to provide Plaintiff *and* the Court with the names and addresses of the medical staff in question within 45 days so that the Court could issue summonses and direct service. *Walters*, 2009 WL 1605415, at *4. Given the clear language of the Court's June 4, 2009 Order, it was reasonable for Plaintiff to rely on said Order even in the face of Choy and Williams' affirmative defense that they were not served with process. The Court finds that under the circumstances, Plaintiff did take reasonable efforts to direct service.

With respect to prejudice, the Court finds that Choy and Williams have not been prejudiced by the delay in service. Choy and Williams have participated, without issue, in all stages of pretrial litigation. Furthermore, Choy and Williams failed to move to dismiss the Second Amended Complaint pursuant to Rule 12(b)(5) until three years after Plaintiff filed the Second Amended Complaint. Finally, in neither their initial nor reply memorandum did Choy and Williams argue that they were prejudiced by the delay.

After assessing Plaintiff's reasonable efforts and any possible prejudice against Choy and Williams, the Court finds that Plaintiff has sufficiently shown good cause.[2] However, even

---

[2] The Court is aware that, as a basic principle, courts in this Circuit agree that "[g]ood cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control[,]" *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (citation and internal quotation marks omitted); *see also Park Plus, Inc. v. Ardeon Realty Corp.*, No. 13-CV-6917, 2014 WL 338543, at *1 (S.D.N.Y. Jan. 28, 2014) (same); *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (same), and Plaintiff's *pro se* status is not grounds for an automatic extension of time to serve the complaint, *see G4 Concept Mktg., Inc. v. MasterCard Int'l*, 670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009) ("[I]gnorance of the law, even in the context of *pro se* litigants, does not constitute good cause under Rule 4(m) . . . ." (alterations in original) (citations and internal quotation marks omitted)); *Madden v. Town of New Haven*, No. 07-CV-111, 2008 WL 2483295, at *2 (D. Vt. June 17, 2008) (stating that "*pro se* status alone

absent such a showing, as discussed below, the Court would grant a discretionary extension.

> ### ii.   The Court Will Exercise its Discretion to Extend the Time for Service

Even if Plaintiff had not shown good cause, this Court would nevertheless exercise its discretion and extend the time for Plaintiff to serve Choy and Williams.  In determining whether to exercise a discretionary extension under Rule 4(m), courts in this Circuit have agreed upon the importance of four factors: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and [(4)]whether defendant would be prejudiced by extending plaintiff's time for service."  *Park Plus, Inc. v. Ardeon Realty Corp.*, No. 13-CV-6917, 2014 WL 338543, at *2 (S.D.N.Y. Jan. 28, 2014) (quoting *Vaher*, 916 F. Supp. at 420); *Abdul-Hakim Bey v. Hylton*, No. 12-CV-5875, 2013 WL 6642034, at *7 (S.D.N.Y. Dec. 16, 2013) (same) (quoting *Songhorian v. Lee*, No. 11-CV-36CM, 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012)); *Johnson*, 2013 WL 6669232, at *3 (same); *Purzak v. Long Island Hous. Servs., Inc.*, No. 12-CV-1747, 2013 WL 5202711, at *5 (E.D.N.Y. Sept. 13, 2013) (same) (quoting *Carroll v. Certified Moving & Storage, Co.*, No. 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005)).

Here, the balance of the factors weigh in favor of the Court granting a discretionary extension.  It is clear from the record that Choy and Williams did not conceal the defect in service, consequently, the third factor disfavors Plaintiff.  Turning to the other factors, the first

---

does not constitute good cause").  However, as discussed above, the State Attorney General was ordered to provide the names and addresses to the Court and the Court ordered that, upon receipt of the information, the Clerk of the Court was to issue summonses and copies of the complaint for service by the United States Marshal for the Eastern District of New York without prepayment of fees.  *See Walters v. Suffolk Cnty.*, No. 09-CV-0556, 2009 WL 1605415, at *5 (E.D.N.Y. June 4, 2009).  Under these circumstances, the Court is presented with the exceptional situation where Plaintiff's failure to serve process was the result of circumstances beyond his control.

favors Plaintiff as a dismissal would effectively bar recovery.[3] "[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Purzak*, 2013 WL 5202711, at *6 (quoting *Carroll*, 2005 WL 1711184, at *2); *Park Plus,* 2014 WL 338543, at *2 (finding that this factor weighed in plaintiff's favor where the statute of limitations would bar recovery of a portion of the damages alleged); *Ostrow*, 2014 WL 66572, at *4 (finding that this factor did not weigh in plaintiffs' favor where there was no statute of limitations issue). The second factor also favors Plaintiff as there is no dispute that Choy and Williams had actual notice of the claims asserted in the Second Amended Complaint. *See Jordan v. Forfeiture Support Assocs.*, No. 11-CV-3001, 2013 WL 828496, at *10 (E.D.N.Y. Mar. 5, 2013) (granting extension of time where "it is undisputed that defendant received plaintiff's pleadings"). Finally, the fourth factor favors Plaintiff as Choy and Williams have not shown prejudice. Choy and Williams argue that an extension should not be granted because Plaintiff is not likely to succeed on the merits. (Choy and Williams Mot. to Dismiss Mem. 8–10.) The Court declines to address the merits of Plaintiff's action against Choy and Williams at this time. Although Choy and Williams "will be burdened with the obligation to defend this lawsuit if the extension is granted . . . that does not rise to the level of prejudice necessary to tip the balance of this factor in [Defendants'] favor." *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881, 2009 WL 2424198, at *4 (E.D.N.Y. Aug. 6, 2009); *see also Purzak*, 2013 WL 5202711, at *7 (same) (quoting *Jordan*, 2013 WL

---

[3] Plaintiff was arrested on January 26, 2008 and the statute of limitations for a § 1983 action is three years, *see Jones v. City of New York Agencies*, --- F. App'x ---, ---, 2014 WL 185023, at *1 (2d Cir. Jan. 17, 2014) ("New York's general personal injury statute of limitations applies to § 1983 claims."). Because Plaintiff's claim arises from events over six years old, his claim would be barred by the statute of limitations and a dismissal of Plaintiff's action will result in an absolute bar to recovery.

828496, at *10).

The Court finds that upon review of the factors set forth above, the equities tip in Plaintiff's favor. Accordingly, the motion to dismiss on behalf of Choy and Williams is denied and Plaintiff is granted 30 days to serve the summons and Second Amended Complaint upon Choy and Williams.

**b. Eleventh Amendment Immunity —— Choy and Williams**

The Eleventh Amendment protects state officials acting in their official capacities from suits for money damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Jones v. New York State Metro D.D.S.O.*, --- F. App'x ---, ---, 2013 WL 5646015, at *2 (2d Cir. Oct. 17, 2013) (holding that "sovereign immunity precludes asserting the claims against [state employees] in their official capacity"); *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 151–52 (2d Cir. 2013) ("[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." (citation and internal quotation marks omitted)); *Dube v. State Univ. of New York*, 900 F. 2d 587, 595 (2d Cir. 1990) (noting that a state official acting in her official capacity may only be sued to enjoin conduct that violates the federal Constitution). In the Court's June 4, 2009 Order, claims against then-unnamed Stony Brook Medical Center personnel sued in their official capacities for money damages were dismissed. *Walters*, 2009 WL 1605415, at *3. In Plaintiff's Second Amended Complaint, Choy and Williams were named in their official and personal capacities. Although not raised by Choy and Williams, the Court dismisses sua sponte Plaintiff's § 1983 claims against these individuals in as much as they are being sued in their official capacities for money damages. *See Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006) (recognizing that courts may raise the

issue of Eleventh Amendment immunity sua sponte).

### c.   Motions for Summary Judgment

#### i.   Standard of Review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013); *Kwong v. Bloomberg*, 723 F.3d 160, 164–65 (2d Cir. 2013); *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012); *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000). "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). "Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law." *Brownlee v. Graham*, No. 12-CV-400, 2013 WL 5939697, at *1 (N.D.N.Y. Nov. 5, 2013).

A *pro se* plaintiff's submission "must be construed liberally to raise the strongest arguments it suggests." *Ford v. Palmer*, 539 F. App'x 5, 6 (2d Cir. 2013) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *see also Ross v. Westchester Cnty.*, No. 10-CV-3937, 2013 WL 5178354, at *4 (S.D.N.Y. Sept. 16, 2013) ("In considering the summary judgment motion, the Court liberally construes all submissions by the *pro se* plaintiff . . . ."). However, a *pro se* plaintiff still must satisfy the usual requirements of summary judgment. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (noting that the liberal construction of *pro se* submissions "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." (citation and internal quotation marks omitted)). When facing a summary judgment motion against a party proceeding *pro se*, the court may conduct "an assiduous review of the record" to determine whether any triable issues of fact exist. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (quoting *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)).

### ii.    Defendant Suffolk County

Plaintiff cannot maintain any claim against Suffolk County because Plaintiff has not shown that any alleged constitutional violation occurred pursuant to a municipal policy or custom. A municipality can be liable under § 1983 only if a plaintiff can show an underlying constitutional violation and that a municipal policy or custom caused the constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). "[L]ocal governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. ---, ---, 131 S. Ct. 1350, 1359 (2011) (citations and internal

12

quotation marks omitted).  *See also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (recognizing that a plaintiff must offer "proof of . . . a [municipal] custom or policy in order to permit recovery on claims against individual municipal employees in their official capacities, since such claims are tantamount to claims against the municipality itself"), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

Plaintiff failed to respond to Suffolk County's motion for summary judgment and the Court granted the motion at oral argument on February 21, 2014.  In reaching its decision the Court considered the allegations of Plaintiff's Second Amended Complaint, treating the Complaint as an affidavit for summary judgment purposes, and determined that Plaintiff failed to present any dispute as to any material fact concerning a municipal policy or custom.  Liberally construing the pleadings, Plaintiff only makes two allegations that could support municipal liability.  First, Plaintiff alleges that Officers Miller and O'Brien were acting under the authority of the Suffolk County Police Department and were, or should have been, under the direct supervision of Dormer, Suffolk County Police Commissioner.  (Second Am. Compl. ¶ 22.)  Second, Plaintiff alleges that Officers Miller and O'Brien were acting under the direct supervisory authority of Levy, Suffolk County Executive.  (*Id.* ¶ 23.)  These allegations do not speak to any municipal policy or custom, but rather to isolated incidents.  *See Reynolds v. Giuliani*, 506 F.3d 183, 207 (2d Cir. 2007) ( to successfully impose municipal liability a plaintiff must show that his constitutional violation "occurred as a result of a [municipal] policy rather than as a result of isolated misconduct by a single actor." (citation omitted)); *see also Tuttle*, 471 U.S. at 823–24 ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by

an . . . unconstitutional municipal policy," or that such a "policy was attributable to a municipal policymaker.")  Plaintiff's allegations are conclusory and undercut by the earlier — and successful — motion for summary judgment on behalf of Dormer and Levy where the Court dismissed all claims against them.  (Minute Entry dated Nov. 29, 2012.)

To the extent that Plaintiff attempts to allege failure to train or failure to supervise claims against Suffolk County, such claims also fail.  "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."  *Connick*, 563 U.S. at ---, 131 S. Ct. at 1359.  "[A] municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact."  *Id.*  "Deliberate indifference may be inferred where the need for more or better supervision to protect against constitutional violations was obvious, but the policymaker fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs."  *Cash*, 654 F.3d at 334 (alteration in original) (citations and internal quotation marks omitted).  "Specifically, *Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."  *Reynolds*, 506 F.3d at 192.

Plaintiff offers no evidence concerning Suffolk County's training or lack thereof nor does Plaintiff present any evidence that Suffolk County's policymakers ignored "the risk that its employees would unconstitutionally apply its policies without more training."  *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 129 (2d Cir. 2004).  Any claim based on a failure to

train or failure to supervise is therefore dismissed as unsupported by anything other than unsubstantiated allegations.

### iii.   Defendant Nabil Saleh

Plaintiff argues that Saleh acted as an "agent" of the of the Suffolk County Police Department.  (Second Am. Compl. ¶ 7.)  In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).  The actions of a private entity may be deemed state action only if "there is a sufficiently close nexus between the State and the challenged action of the [] entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* at 52 (citation and internal quotation marks omitted); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (same).  "Whether such a 'close nexus' exists . . . depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [action] must in law be deemed to be that of the State." *Sullivan*, 526 U.S. at 52 (citation and internal quotation marks omitted).  State action is satisfied if the private actor was "a willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Plaintiff has failed to produce any evidence that hints at, let alone creates, a material dispute concerning a close nexus between Saleh and the Suffolk County Police Department or any other state actor.  On June 21, 2011, Plaintiff submitted a proposed pretrial order which included two signed statements that Saleh made to Suffolk County Police.  (Docket Entry No. 63.)  In both statements Saleh describes seeing a man committing a burglary at a nearby store, tackling that man and holding him down while waiting for police to arrive.[4]  (*See* Statement Forms given to Detectives Alese and J. Ferrara, annexed as Ex. C to Kenneth A. Walters Proposed Pretrial Order.)  When the Court heard Saleh's testimony on February 21, 2014, Saleh described no further interaction with the police, only stating that either his produce manager and/or a customer-bystander called the police.[5]

---

[4]  According to the statement given to Detective Alese, Saleh, while at work, noticed a suspicious vehicle driving very slowly in front of a nearby store.  (Statement Form given to Detective Alese ("Statement A") 1:2–7, annexed as Ex. C to Kenneth A. Walters Proposed Pretrial Order.)  Saleh then heard an alarm, ran over and saw that the glass was broken on the "Rose Card store."  (*Id.* at 1:9–12.)  Saleh saw a man placing cigarette cartons into a garbage pail.  (*Id.* at 1:13–15.)  When the man began to exit the store through the hole in the glass, Saleh tried to keep the man inside the store with his foot.  (*Id.* at 1:16–19.)  The man was able to get out and swung the store's cash drawer at Saleh but Saleh was able to tackle the man to the ground and held him until Pete, Saleh's co-employee, came to help.  (*Id.* at 1:19, 21–22.)  Saleh and Pete then held the man until the police came.  (*Id.* at 1:22–23.)  Saleh's statement to Detective J. Ferrara largely repeats these assertions.  (*See* Statement Form given to Detective J. Ferrara ("Statement B"), annexed as Ex. C to Kenneth A. Walters Proposed Pretrial Order.)  In Statement B, Saleh describes seeing the same suspicious vehicle, hearing the alarm and running over to find a man stealing cigarettes.  (*Id.* at 1:6–7, 15, 17.)  Saleh does not mention anything about broken glass.  Saleh states that the man came out the store at which point Saleh grabbed him by the jacket.  (*Id.* at 1:17–19.)  The man ran toward his vehicle but Saleh tackled him and held him on the ground until the police arrived.  (*Id.* at 1:21–23.)  .

[5]  Saleh testified to seeing a vehicle stop, hearing an alarm and seeing a large hole in the window of the card store near Saleh's workplace.  Saleh saw Plaintiff filling a garbage can full of cigarettes.  Saleh contacted his produce manager through their walkie-talkies.  Saleh then saw Plaintiff try to exit the store through the hole in the glass with a cash register in one hand and the garbage can in the other.  Saleh pushed Plaintiff back inside but Plaintiff forced his way out.  Saleh pulled Plaintiff by the jacket, placed Plaintiff in a headlock and brought him down to his

During cross-examination by Plaintiff, Plaintiff identified several inconsistencies in Saleh's statements.[6]  Although Plaintiff correctly noted that Saleh's statements to Suffolk County police and Saleh's testimony before the Court did not perfectly agree with one another, the inconsistencies are immaterial as they do not concern the operative inquiry — whether Saleh's actions can be reasonably understood as state action.  Detaining a supposed criminal while police respond does not expose a private actor to § 1983 liability.  *See Forbes v. City of New York*, No. 05-CV-7331, 2008 WL 3539936, at *5 (S.D.N.Y. Aug. 12, 2008) ("Indeed, it is well-established that private citizens may effectuate arrests without becoming state actors"); *Miqui v. City of New York*, No. 01-CV-4628, 2003 WL 22937690, at *5 (E.D.N.Y. Dec. 5, 2003) (holding that a New York City auxiliary officer, "having no power to arrest beyond that of a private citizen," could not have acted under color of state law when he chased, tackled and beat the plaintiff); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004) (collecting cases and dismissing a claim against store-security guards based on the guards' detention, interrogation, and search of a suspected shoplifters); *accord Spencer v. Lee*, 864 F.2d 1376, 1380 (7th Cir. 1989) (en banc) (citizens' arrests are not made under color of state law).  Plaintiff represented to the Court that Saleh previously stated that the police "directed" him to hold Plaintiff, however, the Court is unable to identify any such statement in the record.  Plaintiff has not provided any evidence to support his allegation that Saleh acted as an agent of the Suffolk County Police Department.  Consequently, Plaintiff has not shown that Saleh acted under color of state law.  Saleh's motion for summary judgment is granted.

---

knees.  Saleh testified that his produce manager and a customer-bystander called the police.

[6] For example, Plaintiff noted that Saleh initially told police he was unloading bread when he noticed the vehicle yet Saleh testified on February 21, 2014 that he was having a cigarette and coffee when he saw the vehicle.

### III.   Conclusion

For the foregoing reasons, the Court denies the motion to dismiss by Choy and Williams but sua sponte dismisses any claims against Choy and Williams in their official capacities and grants the motions for summary judgment by Suffolk County and Nabil Saleh.  The Second Amended Complaint is dismissed against Suffolk County and Nabil Saleh.  Plaintiff is granted an extension of 30 days to properly serve Choy and Williams in accordance with Rule 4 of the Federal Rules of Civil Procedure.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  March 11, 2014
            Brooklyn, New York